UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                       Case No.  2:87-cr-32-FtM-33GTS

ALPHONSO KENDRICK,

          Defendant.
_____

## ORDER

This matter comes before the Court on Motion to Seal
Documents (Doc. #61) filed on May 9, 2005 by Defendant Alphonso
Kendrick. The Plaintiff, United States of America, filed a
Response to Kendrick's Motion to Seal Documents (Doc. #64) on May
31, 2005, indicating that the Government had no objections to the
Motion to Seal Documents (Doc. #61). To date, Kendrick has not
filed a memorandum of law in support of his Motion to Seal. For
the reasons stated herein, Kendrick's request is denied.

Since serving his sentence, Kendrick states that he has had
extensive involvement as a volunteer with the police department,
his neighborhood watch group, and as a security officer for Mount
Hermon Church. Kendrick has also completed 40 hours of firearms
training for a Class D firearm license. The Class D Firearm
License was denied due to Kendrick's criminal history. Kendrick
feels that he will be able to better contribute to society if his

documents are sealed.

While Kendrick does not directly provide details of the documents he wants sealed, the attached affidavits and this Court's own records of the original Indictment (Doc. #1) and Judgment (Doc. #60), detail Kendrick's criminal history. Kendrick was arrested and incarcerated on February 4, 1988.  Kendrick pled guilty to possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841 (a)(1).  Kendrick remained in federal custody from the date of his arrest until he was placed on supervised release on March 15, 1990.  Kendrick completed supervised release on February 3, 1992 and was placed on special parole.  He completed the special parole program on February 2, 1995.

Generally, expungement of criminal records has only been permitted in cases where exceptional circumstances have been detailed.  See Geary v. United States, 901 F.2d 679, 679-80 (8th Cir. 1990); United States v. Carson, 366 F. Supp. 2d 1151, 1154 (M.D. Fla. 2004).  In order to prevail on a claim for expungement, the record must evidence facts that substantiate extreme circumstances. United State v. Friesen, 853 F.2d 816, 817-18 (10th Cir. 1988).  The Ninth Circuit Court of Appeals found that a district court's ancillary jurisdiction to expunge criminal records should be limited to case where there was a clerical error that needs to be corrected or an unlawful arrest.    United States v.

Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000).

While the caselaw does not define "exceptional circumstances," some circuits have provided guidance. In United States v. McLeod, 385 F.2d 734, 750 (5th Cir. 1967)[1], the court expunged arrest records for all African-Americans wrongly prosecuted in an effort to infringe on their right to vote. Several circuits have sealed conviction records, ordered them removed from central files, and also sealed the court records and transcripts from public view for youths convicted under the Federal Youth Conviction Act. United States v. Doe, 980 F.2d 876, 882 (3d Cir. 1992); United States v. Doe, 730 F.2d 1529, 1533-34 (D.C. Cir. 1984); Doe v. Webster, 606 F.2d 1226, 1243-45 (D.C. Cir. 1979). However, in Webster, the court held that the arrest records would not be expunged as the interest of law enforcement in retaining arrest records for future criminal investigations was greater than the individual interest in preventing possible employment difficulties in the appellant's future legal career. 606 F.2d at 1244.

In Rogers v. Slaugter, 469 F.2d 1084, 1085 (5th Cir. 1972), the former Fifth Circuit Court of Appeals noted that "the Court's privilege to expunge matters of public record is one of exceedingly narrow scope." The court went on to state that, "[p]ublic policy

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals by the close of business on September 30, 1981 as binding precedent.

requires  .   .   .   the  retention  of  records  of  arrest  and  of  the subsequent proceedings be left to the discretion of the appropriate authorities.  The judicial editing of history is likely to produce greater harm than that sought to be corrected."  Id.

The Second Circuit Court of Appeals uses a balancing test in determining whether to expunge a criminal record.  United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977).  The court balanced the right of privacy of the individual seeking expungement with the right of law enforcement in keeping arrest records.  Id.  In United States v. Flowers, 389 F.3d 737, 740 (7th Cir. 2004), the court used a similar balancing test in holding that it was an abuse of discretion to expunge records due to possible difficulties with employment.

Kendrick submitted numerous affidavits detailing his progress and reform since completing his sentence and parole.  This Court recognizes Kendrick's efforts, his service to his community, and desire  to  progress  within  the  volunteer  police  department. However, Kendrick has failed to show any exceptional circumstances that merit the sealing and expungement of his record.  Kendrick has not suffered a civil rights violation, has not been a victim of governmental misconduct, nor is he entitled to expungement of his record with any executive agencies.  See Carson, 366 F. Supp. 2d at

-4-

1159.

Accordingly, it is hereby

ORDERED, ADJUDGED, and DECREED:

Defendant Kendrick's Motion to Seal Documents (Doc. #61) is DENIED.

DONE and ORDERED in Chambers in Fort Myers, Florida, this 22nd day of June, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties of Record

-5-